UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RAYMOND MARTIN WILSON,

                Plaintiff,                    Case No. 2:11-cv-344

v.                                        Honorable R. Allan Edgar

UNKNOWN ANDERSON et al.,

                Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Chippewa Correctional Facility.  In his *pro se* complaint, Plaintiff sues Resident Unit Officer Unknown Anderson, Resident Unit Manager (RUM) Unknown Bailey and Assistant Resident Unit Supervisor (ARUS) Unknown Hagaleet.[1]

On April 19, 2011, Officer Anderson told Plaintiff twice, "[y]our ass is bl[own] out[,] that[] [is] why you we[a]r diapers."[2]  (Compl., docket #1, Page ID#3.)  Apparently, prisoners in several other cells overheard Officer Anderson's statement.  Plaintiff complains that he has been ridiculed and humiliated because other prisoners know about his medical condition.

Plaintiff filed a grievance, Grievance No. URF-11-04-1381-17a, regarding the incident. Plaintiff complains that ARUS Hagaleet's investigation of his grievance was inadequate.  Plaintiff states that he was the only person interviewed by Hagaleet.  Although Anderson provided a written statement to Hagaleet denying any wrongdoing, Anderson apparently apologized to Plaintiff for his comment on several occasions.  Hagaleet and RUM Bailey eventually denied Plaintiff's grievance.

Plaintiff asserts several constitutional violations for Officer Anderson's comments. Plaintiff argues that Anderson's actions constituted cruel and unusual punishment in violation of his Eighth Amendment rights.  Plaintiff also asserts a retaliation claim as follows: "[t]hat there be no retaliation by any staff member by undue or unwarranted [shake]downs either of my person or property, nor surprise transfer to another unit or a facility as this will be considered retaliation and harassment."  (Compl., docket #1, Page ID#5.)  Plaintiff further complains that Anderson's actions

---

[1] Plaintiff refers to Defendant Hagaleet as both Hagaleet and Hagelee in his complaint.  The Court will refer to this Defendant as Hagaleet in this opinion.

[2] According to prisoner Glen Bowen's affidavit, Plaintiff has prostate cancer.  (Attach. to Compl., docket #1-1, Page ID#12.)

- 2 -

violated his equal protection rights under the Fourteenth Amendment.  Finally, Plaintiff alleges a state-law claim for negligence against Defendant Anderson.

For relief, Plaintiff requests monetary damages.

### Discussion

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief."  *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     **Due Process Clause**

Reading Plaintiff's complaint liberally, he appears to allege that his due process rights were violated when Defendant Hagaleet failed to conduct an adequate investigation of his grievance and Defendants Hagaleet and Bailey wrongly denied his grievance. *See Haines*, 404 U.S. at 520. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants Hagaleet and Bailey's conduct did not deprive him of due process.

### B.     **Equal Protection Clause**

- 4 -

Plaintiff argues that Defendant Anderson violated his equal protection rights by verbally assaulting his character.  The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals.  *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976).  Plaintiff does not allege that he is a member of a suspect class or any class.  *See Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005) ( "[P]risoners are not considered a suspect class for purposes of equal protection litigation."); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998).  Moreover, Plaintiff does not allege that he has suffered any deprivation of a fundamental right.  Thus, to establish his equal protection claim based on a "class of one" theory, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's equal protection claim is wholly conclusory.  Plaintiff appears to claim that he was treated differently because Officer Anderson disclosed his medical condition to other prisoners. However, Plaintiff provides no specific factual allegations that would support his contention, and he has identified no similarly situated person who was treated differently.  Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Iqbal*, 129 S. Ct. at 1949 (holding that a court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . .")  Plaintiff therefore fails to state an equal-protection claim.

- 5 -

C. **Retaliation**

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff does not allege that he was subject to retaliation. Rather, Plaintiff claims that if he is subject to a shakedown of his cell or he is transferred to another unit or facility *in the future*, it is most likely due to retaliation. Plaintiff's retaliation claim is purely speculative. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No.

93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).  Plaintiff merely alleges the possibility of future retaliation.  He has not presented any facts to support his conclusion that Defendants will retaliate against him in the future.  *See Iqbal*, 129 S. Ct. at 1949.  Accordingly, his speculative allegation fails to state a claim.

D.    **Eighth Amendment**

Plaintiff claims that Officer Anderson violated his Eighth Amendment rights by humiliating and degrading him in front of other prisoners.  Officer Anderson told Plaintiff twice, "[y]our ass is bl[own] out[,] that[] [is] why you we[a]r diapers" in front of other prisoners.  (Compl., docket #1, Page ID#3.)  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities."  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348 (citation omitted).

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety."  *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference

standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Plaintiff cannot base an Eighth Amendment claim on alleged verbal harassment. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Id.* at 954-55; *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* 76 F. App'x 24, 27 (6th Cir. 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Anderson.

E.     **State Law**

Plaintiff argues that Defendant Anderson negligently disclosed Plaintiff's medical condition. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's challenge to the enforcement of state law therefore fails to state a claim under § 1983. Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over the state-law claim, the Court declines to exercise jurisdiction. The Sixth Circuit routinely has held that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and

- 8 -

the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits. *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)).  Plaintiff's state-law claim therefore will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  _____12/5/2011_____          _____/s/ R. Allan Edgar_____
                                          R. Allan Edgar
                                          United States District Judge

- 9 -